```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ALFREDO LOPEZ-SANTIS,


                    Plaintiff,
                                                              MEMORANDUM & ORDER
         -against-                                            10-CV-04832 (RRM) (RLM)


SRAH BAKERY, INC. d/b/a STRAUSS BAKERY,
ELLIOT BERMAN, EMERICH GOLDSTEIN, and
STEVE GOLDSTEIN,

                    Defendants.
-----------------------------------------------------------X
```
**ROSLYNN R. MAUSKOPF, United States District Judge.**

By motion filed August 15, 2012, plaintiff moved this Court to grant payment of attorney's fees. (Doc. No. 36.) For the reasons below, plaintiff's motion is DENIED.

## BACKGROUND

This matter originally came before this Court as an action alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (Compl. (Doc. No. 1).) The parties reached a settlement and, on September 9, 2011, filed a stipulation for dismissal, under which stipulation the Court retained jurisdiction over the settlement agreement. (Doc. No. 26.) The Court dismissed the action pursuant to the stipulation and will retain jurisdiction to decide the instant motion.

On February 15, 2012, after defendants allegedly failed to comply with the settlement, plaintiff sought permission from the Court to move for default judgment based on confessions of judgment executed by defendants pursuant to the settlement agreement. (Doc. No. 27.) Defendant responded by letter, seeking to delay the plaintiff's request in order to investigate alleged failed payments. (Doc. No. 28.) The Court ordered a status update from defendants to

1

be filed several days later, which resulted in a series of status updates from both parties. (Doc. Nos. 29–34.) On July 23, 2012, plaintiff notified the Court that the settlement had been paid in full and requested that attorney's fees for the post-settlement collection efforts be awarded. (Pl.'s July 23, 2012 Ltr to Court (Doc. No. 35).) On July 23, 2012, the Court entered an Order dismissing plaintiff's request to re-open the matter as moot, and denying plaintiff's request for attorney's fees without prejudice, to be renewed "upon a properly supported motion." (*See* Order dated July 23, 2012.)

On August 15, 2012, plaintiff submitted a motion for attorney's fees for efforts undertaken to enforce the settlement. (Doc. No. 36.) On August 28, 2012, defendants submitted an affidavit in opposition to the motion. (Def.'s Aff. in Opp. (Doc. No. 37).) For the following reasons, the motion is DENIED.

**DISCUSSION**

The FLSA provides that a court "shall, in addition to any *judgment awarded* to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). The Second Circuit held that "judicial action other than a judgment on the merits or consent decree can support an award of attorney's fees, so long as such action carries with it sufficient judicial imprimatur." *Roberson v. Giuliani*, 346 F.3d 75, 81 (2d Cir. 2003). Here, there was no judgment as to plaintiff's FLSA action. Furthermore, the settlement agreement resolved plaintiff's FLSA claim inclusive of attorney's fees payable to plaintiff. (Settlement Agreement (Doc. No. 37-1) at 2 ¶ 1.) The settlement agreement released defendants and discharged any further claims under the FLSA or other causes of action for "back wages, attorneys' fees, pain and suffering, debts, dues, [and] sums of money." (*Id*.) Therefore, even if this FLSA settlement does carry the necessary judicial

imprimatur to require reasonable attorney's fees to be paid to the plaintiff, fees incurred in obtaining the settlement were already paid as part of the settlement.

With respect to attorneys' fees incurred to enforce the settlement, the confessions of judgment signed by defendants do include language dictating defendants' responsibility for "reasonable attorneys' fees and interest . . . incurred in entering and enforcing the [confessions of] judgment." (Defendants' Ex. 2 (Doc. No. 37-2) at ¶ 3.) However, the confessions of judgment were never enforced. According to the plain language of the settlement agreement, fees incurred to nudge the defendants toward payment—short of procuring a judgment from the Court—are not included.

Plaintiff's motion cites no authority for a grant of attorney's fees to enforce a settlement for which no judgment was ever entered. "[A] party seeking attorneys' fees must either secure a judgment on the merits or be a party to a settlement agreement that is expressly enforced by a court." *Ritchie v. Gano*, 754 F. Supp. 2d 605, 608 (S.D.N.Y. 2010). The Court declines to employ its inherent power to order attorneys' fees as sanctions, as no showing of bad faith has been made. *See Royal Indian Raj Intern. Corp. v. Domains by Proxy, Inc.*, No. 08-Civ. 3445 (JGK), 2011 WL 2946367, at *4 (S.D.N.Y. July 20, 2011). Moreover, plaintiff's fee request is substantially for time incurred in drafting the instant motion.

For these reasons, plaintiff's motion for attorneys' fees (Doc. No. 36) is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
      February 28, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge